Nott, J.
It it a rule of law that the replication,
should answer the whole plea. 5. Comyn’s 431. So here, as the plea goes to the whole condition of the bond, the plaintiff ought to have replied that he neither had performed one of the covenants, nor the other contained in it. It may be true that the defendant has not prosecuted his bill to effect; but he may have performed the award of the Court, and so saved the penalty of his bonds. Or, for any thing that appears to the Court, the case may not yet have been decided. The replication, therefore, is clearly bad. But at is said in argument that on a bond with a condition to perform Covenants, the plaintiff can only assign one breach. This was the old law; but since the statute 8 and 9. William III. C. 11. The practice has been otherwise. 1 Chitty on Pleading 556. 1 Saunders, 58. 2. JY. Y. Term Reports 328., and the cases there cited. It will be found that the modern practice has been to allow the plaintiff to assign as many breaches, in his rep *127 lication, as he may think proper. Although this statute is not made of force in this state, I believe that the practice has been conformable to it; and although our courts cannot alter the law, yet I have no doubt but what they can so modify the practice, as shall be most conducive to justice. But it is further argued, that the plea is also bad; that the defendant in his plea ought to have shown how he had performed, and on a demurrer the court will give judgment on the whole record, and not on the point Only submitted by the demurrer. 5 Comyn's, 484.
The next question then, is, whether the defendant, who has put in his demurrer, has not himself committed the first fault, in not setting forth in his plea which of those covenants he has performed. In 1 Sanders, 116. n. 1. it is laid down that when the condition of a bond consists of several particular things to be performed by the obligor, he cannot plead a general performance, but must set forth particularly in his plea, how he has performed each particular thing. In the present case the condition of the bond requires the defendant to prosecute his bill to effect; or on failure thereof, to abide by and perform the decree. He could not do both, because one is dependent on the other. If he has prose-’ euted his bill to effect, he cannot have, performed the decree, for there could have been none against him. If he has performed the decree, he cannot have prosecuted his bill to effect. He ought therefore to have stated which he has performed. Sometimes this mode of pleading is cured by the réplica *128 tion. But that cannot be the case here, because it appears from the face of the proceedings that the plea cannot be true. The only question remaining is, whether the party shall have leave to amend. It has always been the practice of this court to permit the parties to amend, where justice could not otherwise be done; and where the pleadings could be so amended as to reach the merits of the case. And as there have been faults on both sides, I am of opinion, that they ought to have leave to withdraw their pleas, and to plead de novo, without prejudice to either.
Bay, J. concurred.
Brevard, J.
In this case I agree with my breth- , ren, that judgment must be given on the whole record; that-the plea is defective, and that the court ought to go back to the first fault, and give judgment on that. But I - doubt whether the first fault is not with the plaintiff. By craving oyer of the condition of the bond declared on, and setting it forth in the plea,. it became part of the declaration. 5 Com. Dig. 479. The replication ought to be conformable to the court, and answer the whole plea. The plea is admitted to be imperfect; but if the plaintiff does not demur to the defendant's defective plea, but replies, and by his replication shows that he has no cause of action, judgment must be for the defendant. Com. Dig. Pleader, u. 3. If the plaintiff had made an idle replication, and the defendant had not relied thereon, judgment must be given *129 against the defendant. Com. Dig. Pleader, m. 2. « i , a , But here the replication was meant to conform to the declaration, and if we take tile replication and declaration together, no cause of action appears: for, though it may be true that the defendant did not prosecute the injunction to effect; yet for any that appears, he may have satisfied the decree of the court of equity. See 5 Com. Dig. 468. 351. 4th Edn. 8 Co. 120. 1. Sid. 440. 1 Ventr. 64.
I concur with the other members of the Court in opinion, that the motion should be granted, so far as r-'-spects the amendment; and that both parties may have leave to amend, without paying costs* See 2 Burr. 820. 2 Wils, 173.